UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 25-cv-23049-BLOOM/Elfenbein

TOHO CO., LTD.,

    Plaintiff,

v.

THE INDIVIDUALS, CORPORATIONS,
LIMITED LIABILITY COMPANIES,
PARTNERSHIPS AND UNINCORPORATED
ASSOCIATIONS IDENTIFIED IN
SCHEDULE "A" HERETO,

    Defendants.
_____/

## ORDER ON FINAL DEFAULT JUDGMENT

**THIS CAUSE** is before the Court upon Plaintiff's Motion for Entry of Default Judgment ("Motion"), ECF No. [39], filed on October 16, 2025. The Court has considered the Motion, the record, the applicable law, and is otherwise fully advised. For the reasons discussed below, the Court grants Plaintiff's Motion for Entry of Default Judgment.

    **I.**    **BACKGROUND**

Plaintiff is in the business of developing, marketing, selling, and distributing GODZILLA products. ECF No. [1] ¶ 7. Plaintiff is a Japanese film, theater production, and distribution company. *Id.* Plaintiff's most famous creation is Godzilla, a prehistoric reptilian monster awakened and powered by nuclear radiation. *Id.* The GODZILLA brand has become one of the most recognizable symbols of Japanese pop culture worldwide. *Id.* ¶ 8. Plaintiff develops, markets, sells, and distributes GODZILLA brand products. *Id.* Plaintiff is the official source of GODZILLA products. *Id.* Plaintiff is the registered owner of the wordmark "GODZILLA", among others.

Plaintiff's registered trademarks include those with U.S. Registration Nos. 2,360,489; 4,183,291; and 7,245,324 (the "GODZILLA Trademarks"). *Id.* ¶ 9.

Plaintiff filed the instant action on July 8, 2025, alleging Trademark Infringement (Count I), False Designation of Origin (Count II), Common Law Trademark Infringement (Count III), Common Law Unfair Competition (Count IV), and Copyright Infringement (Count V) as to Plaintiff's federally registered trademarks and copyrights (respectively, the "Godzilla Trademarks" and "Godzilla Copyrights"). ECF No. [1]. On July 30, 2025, the Court authorized electronic service via email on Defendants, ECF No. [13], and issued a Temporary Restraining Order ("TRO") ECF No. [12]. On August 13, 2025, the Court issued an Amended TRO. ECF No. [23]. On August 22, 2025, Plaintiff effected service on all named Defendants and filed a Response to the Court's Order to Show Cause, generating a deadline to respond of September 12, 2025. ECF No. [29]. No Defendant responded to the Complaint or sought additional time by which to do so. On September 15, 2025, the Court held a hearing on Plaintiff's Motion for Preliminary Injunction, which was granted in part and denied in part. ECF Nos. [32]; [38]. Plaintiff now moves for default judgment.

On September 17, 2025, the Clerk entered default against Defendant No. 1, GFsafasfvafv and Defendant No. 2, ADASJDFVDSGG for failure to respond to the Complaint or otherwise appear in this action. ECF No. [35]. On October 16, 2025, Plaintiff filed the instant Motion. ECF No. [39]Defendants failed to move to set aside the Clerk's Entry of Defaults or otherwise respond to the Default Judgment Motion.

## II.   LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 55(b)(2), the Court is authorized to enter a final judgment of default against a party who has failed to respond to a complaint. "A 'defendant,

2

by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established.'" *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F. 3d 1298, 1307 (11th Cir. 2009) (quoting *Nishimatsu Const. Co., Ltd. v. Houston Nat'l Bank*, 515 F. 2d 1200, 1206 (5th Cir. 1975)); *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987). "Because the defendant is not held to admit facts that are not well pleaded or to admit conclusions of law, the court must first determine whether there is a sufficient basis in the pleading for the judgment to be entered." *Luxottica Group S.p.A. v. Individual, P'ship or Unincorporated Ass'n*, No. 17-cv-61471, 2017 WL 6949260, at *2 (S.D. Fla. Oct. 3, 2017); *see also Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987) ("[L]iability is well-pled in the complaint, and is therefore established by the entry of default . . .").

### III. DISCUSSION

#### A. Trademark Infringement and Counterfeiting (15 U.S.C. § 1114)

Section 32 of the Lanham Act, 15 U.S.C. § 1114, provides liability for trademark infringement if, without the consent of the registrant, a defendant uses "in commerce any reproduction, counterfeit, copy, or colorable imitation of a registered mark: which is likely to cause confusion, or to cause mistake, or to deceive." 15 U.S.C. § 1114. In order to prevail on its trademark infringement claim under Section 32 of the Lanham Act, Plaintiff must demonstrate that (1) it had prior rights to the mark at issue; and (2) Defendants adopted a mark or name that was the same or confusingly similar to the Plaintiff's trademark, such that consumers were likely to confuse the two. *Planetary Motion, Inc. v. Techsplosion, Inc.*, 261 F.3d 1188, 1193 (11th Cir. 2001) (citing *Lone Star Steakhouse & Saloon, Inc. v. Longhorn Steaks, Inc.*, 106 F.3d 355, 360 (11th Cir. 1997)). Plaintiff is the exclusive owner of the GODZILLA Trademarks. *Id.* ¶ 41. The

United States Registrations for the GODZILLA Trademark are in full force and effect. *Id.* Each Defendant sold, offered to sell, marketed, distributed, and advertised products in connection with the GODZILLA Trademarks without Plaintiff's authorization or permission. *Id.* ¶ 44.

Defendants have knowledge of Plaintiff's rights in the GODZILLA Trademarks and are willfully infringing and intentionally using counterfeits of the GODZILLA Trademarks despite such knowledge. *Id.* ¶ 45. Each Defendant's activities constitute willful trademark infringement under Section 32 of the Lanham Act, 15 U.S.C. § 1114. *Id.* ¶ 46. Each Defendant's willful, intentional, and unauthorized use of the GODZILLA Trademarks for goods identical, nearly identical, directly competing, and/or overlapping to Plaintiff's GODZILLA Products is likely to cause and is causing confusion, mistake, confusion, and deception as to the quality, origin, sponsorship, or approval of Defendants' Products among the general public. *Id.* ¶ 47. The factual allegations in Plaintiff's Complaint have been substantiated by sworn declarations and other evidence and establish Defendants' liability under each of the claims asserted in the Complaint. Accordingly, Plaintiff has plead sufficient facts for judgment to be entered against Defendants as to Count I.

**B. False Designation of Origin (15 U.S.C. § 1125(a))**

False designation of origin claims "proscribe[] the behavior of 'passing off' or 'palming off,' which 'occurs when a producer misrepresents his own goods or services as someone else's.'" *Custom Mfg. & Eng'g, Inc. v. Midway Servs., Inc.*, 508 F.3d 641, 647 (11th Cir. 2007) (quoting *Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23, 28 n.1 (2003)). The test for liability for false designation of origin under 15 U.S.C. § 1125(a) is the same as for a trademark counterfeiting and infringement claim – i.e., whether the public is likely to be deceived or confused by the similarity of the marks at issue. *See Two Pesos, Inc. v. Taco Cabana, Inc.*, 505 U.S. 763,

780 (1992). Accordingly, Plaintiff has plead sufficient facts for judgment to be entered against Defendants as to Count II.

### C. Common Law Unfair Competition and Trademark Infringement

Whether a defendant's use of a plaintiff's trademarks created a likelihood of confusion between the plaintiff's and the defendant's products is also the determining factor in the analysis of unfair competition under Florida common law. *Rolex Watch U.S.A., Inc. v. Forrester*, No. 83-cv-8381, 1986 WL 15668, at *3 (S.D. Fla. Dec. 9, 1986) ("The appropriate test for determining whether there is a likelihood of confusion, and thus trademark infringement, false designation of origin, and unfair competition under the common law of Florida, is set forth in *John H. Harland, Inc. v. Clarke Checks, Inc.*, 711 F.2d 966, 972 (11th Cir. 1983)."); *see also Boston Prof'l Hockey Ass'n, Inc. v. Dallas Cap & Emblem Mfg., Inc.*, 510 F.2d 1004, 1010 (5th Cir. 1975) ("As a general rule . . . the same facts which would support an action for trademark infringement would also support an action for unfair competition.").

The analysis of liability for Florida common law trademark infringement is the same as the analysis of liability for trademark infringement under § 32(a) of the Lanham Act. *See PetMed Express, Inc. v. MedPets.com, Inc.*, 336 F. Supp. 2d 1213, 1217-18 (S.D. Fla. 2004). Accordingly, Plaintiff has plead sufficient facts for judgment to be entered against Defendants as to Counts III and IV.

### D. Copyright Infringement (17 U.S.C. § 501)

The Copyright Act provides in relevant part that "[a]nyone who violates any of the exclusive rights of the copyright owner as provided by sections 106 through 122 [17 U.S.C. §§ 106-122] or of the author as provided in section 106A(a) [17 U.S.C. § 106A(a)] . . . is an infringer of the copyright or right of the author, as the case may be." 17 U.S.C. § 501(a). "Liability for

copyright infringement arises when a plaintiff can prove (1) ownership of a copyright, and (2) a defendant's copying of the copyrighted work." *XYZ Corp. v. Individuals, P'ships, & Unincorporated Ass'ns. Identified on Schedule "A"*, 668 F. Supp. 3d 1268, 1274 (S.D. Fla. 2023) (citing *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991)).

At all relevant times, Plaintiff is, and has been, the owner of all valid and enforceable rights to the GODZILLA Works, which contain copyrightable subject matter under 17 U.S.C. §§ 101 and 501, *et seq*. ECF No. [1] ¶ 72. The GODZILLA Works are the subject of valid certificates of copyright registrations for the GODZILLA Works. *Id.* ¶ 74. Plaintiff has complied with the registration requirements of 17 U.S.C. § 411(a) for the GODZILLA Works. *Id*. Each Defendant's images, artwork, and derivative works are virtually identical to and/or substantially similar to the GODZILLA Works. *Id.* ¶ 78. Each Defendant's infringement has been willful, intentional, and purposeful, and in disregard of and with indifference to Plaintiff's rights. *Id.* ¶ 81. The factual allegations in Plaintiff's Complaint have been substantiated by sworn declarations and other evidence and establish Defendants' liability under each of the claims asserted in the Complaint. Accordingly, Plaintiff has plead sufficient facts for judgment to be entered against Defendants as to Count V. As a result of each Defendant's infringement of Plaintiff's exclusive rights under copyrights, Plaintiff is entitled to relief pursuant to 17 U.S.C. § 504 and to its attorneys' fees and costs pursuant to 17 U.S.C. § 505. *Id.* ¶ 83.

### E. Injunctive Relief

Pursuant to the Lanham Act, a district court is authorized to issue an injunction "according to the principles of equity and upon such terms as the court may deem reasonable," to prevent violations of trademark law. *See* 15 U.S.C. § 1116(a). Indeed, "[i]njunctive relief is the remedy of choice for trademark and unfair competition cases, since there is no adequate remedy at law for the

injury caused by a defendant's continuing infringement." *Burger King Corp. v. Agad*, 911 F. Supp. 1499, 1509-10 (S.D. Fla. 1995) (citing *Century 21 Real Estate Corp. v. Sandlin*, 846 F.2d 1175, 1180 (9th Cir. 1988)). Moreover, even in a default judgment setting, injunctive relief is available. *See, e.g.*, *PetMed Express*, 336 F. Supp. 2d at 1222-23. Defendants' failure to respond or otherwise appear in this action makes it difficult for Plaintiff to prevent further infringement absent an injunction. *See Jackson v. Sturkie*, 255 F. Supp. 2d 1096, 1103 (N.D. Cal. 2003) ("[D]efendant's lack of participation in this litigation has given the court no assurance that defendant's infringing activity will cease. Therefore, plaintiff is entitled to permanent injunctive relief.")

Permanent injunctive relief is appropriate where a plaintiff demonstrates that (1) it has suffered irreparable injury; (2) there is no adequate remedy at law; (3) the balance of hardship favors an equitable remedy; and (4) an issuance of an injunction is in the public's interest. *eBay, Inc. v. MercExchange, LLC*, 547 U.S. 388, 392-93 (2006).

Plaintiff has suffered irreparable injury and has no adequate remedy at law. ECF No. [1] ¶¶ 29, 36. Each Defendant is causing harm to Plaintiff and the consuming public by (i) depriving Plaintiff of its right to fairly compete for space online and within search engine results and reducing the visibility of Plaintiff's genuine goods on the Internet, (ii) causing an overall degradation of the value of the goodwill associated with the GODZILLA Trademarks, and (iii) increasing Plaintiff's overall cost to market its goods and educate consumers about its brand via the Internet. *Id.* ¶ 31. Permanent injunctive relief is in the public interest because each Defendant is engaged in illegal activities and are directly defrauding the consuming public by palming off Defendant's competing infringing products as genuine GODZILLA Products through the publication of the infringing works. The public interest favors maintaining the integrity of the copyright laws. *See C.B. Fleet Co. v. Unico Holdings, Inc.,* 510 F. Supp. 2d 1078, 1084 (S.D. Fla. 2007) ("The public interest can

only be served by upholding copyright protection and preventing the misappropriation of protected works); *see also CBS Broad., Inc. v. EchoStar Comm'ns. Corp.*, 265 F.3d 1193, 1198 (11th Cir. 2001) (the public interest lies with protecting the rights of copyright owners).

Plaintiff has carried its burden on each of the four factors. Therefore, permanent injunctive relief is appropriate.

### IV.   CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion for Entry of Default Judgment, **ECF No. [39],** is **GRANTED**. In accordance with Federal Rule of Civil Procedure 58, judgment for Plaintiff will be entered separately.

**DONE AND ORDERED** in Chambers at Miami, Florida on November 21, 2025.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record